UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Rachana Duong,<br><br>        Plaintiff,<br><br>    v.<br><br>Polly Kaiser et al.<br>        Defendants. | Case No.  25-cv-7598<br><br>**ORDER GRANTING TEMPORARY RESTRAINING ORDER**<br><br>Dkt. 4 |

Pending before the Court is Petitioner-Plaintiff Rachana Duong's *Ex Parte* Motion for Temporary Restraining Order. ECF 2. Petitioner-Plaintiff requests that the Court order Respondents to immediately release Petitioner-Plaintiff from custody. For the reasons stated below, the Court GRANTS Petitioner-Plaintiff's *Ex Parte Motion* for Temporary Restraining Order.

I. **BACKGROUND**

According to the information available to the Court, Petitioner-Plaintiff is a long-time legal permanent resident ("LPR") who was admitted to the United States as a refugee when he was five years old. ECF 1 ¶ 19. Petitioner-Plaintiff and his family fled the Khmer Rouge genocide in Cambodia and has been in the United States ever since. *Id*. ¶ 24. At the age of 19, Petitioner-Plaintiff was convicted of first-degree murder and grand theft and, in March 2020, was granted parole and released from criminal custody. *Id* ¶¶ 25–26. Petitioner-Plaintiff was arrested by ICE and spent three months in ICE custody. *Id*. ¶ 27. On June 20, 2020, Petitioner-Plaintiff was ordered released from ICE custody pursuant to the bail application process. *Id*. ¶ 29. Since his release, Petitioner-Plaintiff has complied with the terms of his bail order and ICE reporting requirements. *Id*. ¶ 30. He has been diligently pursing his rights in immigration proceedings and

1  is employed at multiple community organizations. *Id*. ¶¶ 31–32. Petitioner-Plaintiff suffers from

2  chronic respiratory issues. *Id*. ¶ 28.

3  On September 6, 2025, ICE arrested Petitioner-Plaintiff at his home in Fremont,

4  California. *Id*. ¶ 36. At 9:10 AM, ICE officers knocked on Petiti9oner-Plaintiff's door, told

5  Petitioner-Plaintiff that there was an issue with his submission of his photo, that they had to re-

6  take the photo, and asked Petitioner-Plaintiff to step outside. *Id*. Once Petitioner-Plaintiff

7  stepped outside, ICE officers detained Petitioner-Plaintiff. *Id*.

## II. LEGAL STANDARD

The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction. *See Washington v. Trump*, 847 F.3d 1151, 1159 n.3 (9th Cir. 2017) ("[T]he legal standards applicable to TROs and preliminary injunctions are substantially identical." (internal quotation marks and citation omitted)). An injunction is a matter of equitable discretion and is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 22 (2008). And "a TRO 'should be restricted to . . . preserving the status quo and preventing irreparable harm just so long as is necessary to hold a [preliminary injunction] hearing and no longer.'" *E. Bay Sanctuary Covenant v. Trump*, 932 F.3d 742, 779 (9th Cir. 2018) (quoting *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 439 (1974)).

A plaintiff seeking preliminary injunctive relief must establish "[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Winter*, 555 U.S. at 20. "[I]f a plaintiff can only show that there are serious questions going to the merits—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the balance of hardships tips sharply in the plaintiff's favor, and the other two *Winter* factors are satisfied." *Friends of the Wild Swan v. Weber*, 767 F.3d 936, 942 (9th Cir. 2014) (internal quotation marks and citations omitted). "[W]hen the Government is the opposing party," the final two factors "merge." *Nken v. Holder*, 556 U.S. 418, 435 (2009).

### III. DISCUSSION

As a preliminary matter, the Court finds that the requirements for issuing a temporary restraining order without notice pursuant to Federal Rule of Civil Procedure 65(b) are met. Petitioner-Plaintiff's attorney has set our specific facts showing that immediate and irreparable injury, loss, or damage may result before the adverse party can be heard in opposition and has stated that counsel attempted to contact the Civil Division Chief at the U.S. Attorney's Office for the Northern District of California on September 6, 2025 date.

Having found that the requirements of Federal Rule of Civil Procedure 65(b) are met, the Court also finds that Plaintiff-Petitioner (A) has demonstrated that he will likely succeed on the merits of his claim; (B) will likely to suffer irreparable harm in the absence of preliminary relief; and (C) the balance of equities and the public's interest weigh in favor of granting relief.

#### A. Petitioner-Plaintiff will Likely Succeed on the Merits of his Claim

Petitioner-Plaintiff will likely succeed on the merits of his claim. The protections of the Constitution apply to all persons within the jurisdiction of the United States, including citizens and non-citizens alike, and including those persons who are present in the United States without authorization. *See Plyler v. Doe*, 457 U.S. 202, 210 (1982) (noting that "[a]liens, even aliens whose presence in this country is unlawful, have long been recognized as 'persons' guaranteed due process of law by the Fifth and Fourteenth Amendments"). Under the Due Process Clause of the Fifth Amendment to the United States Constitution, no person shall be "deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V.

Here, Petitioner-Plaintiff has a protected liberty-interest in remaining out of custody, which would allow him to continue to serve his community and provide for his family. "Courts have previously found that individuals released from immigration custody on bond have a protectable liberty interest in remaining out of custody on bond." *Toeibio Felipe Castanon Domingo v. Kaiser*, 2025 WL 1940179, at *2 (N.D. Cal. July 14, 2025). The Court thus finds that the three factors relevant under the *Mathews v. Eldrige* test, "the private interest that will be affected by the official action," "the risk of an erroneous deprivation ... and the probable value, if any, of additional or substitute procedural safeguards," and "the Government's interest, including the

3

function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail," weigh in favor of Petitioner-Plaintiff being immediately released from custody, and that he be given notice and a pre-detention hearing before a neutral decisionmaker prior to being taken back into custody. Petitioner-Plaintiff has complied with the conditions of his release and has been diligently pursuing his rights in immigration court. Compl. ¶¶ 31–32

### B. Petitioner-Plaintiff will Likely Suffer Irreparable Harm in the Absence of Temporary Relief

Petitioner-Plaintiff likely faces irreparable injury and harm to liberty absent relief. "It is well established that the deprivation of constitutional rights 'unquestionably constitutes irreparable injury.'" *Hernandez v. Sessions*, 872 F.3d 976, 994 (9th Cir. 2017) (quoting *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012)). As discussed above, Petitioner-Plaintiff has a constitutional liberty interest in his conditional release. "When an alleged deprivation of a constitutional right is involved, most courts hold that no further showing of irreparable injury is necessary." *Warsoldier v. Woodford*, 418 F.3d 989, 1001-02 (9th Cir. 2005) (cleaned up).

### C. The Balance of Equities and the Public Interest Weigh in Favor of Granting Relief

The final two *Winter* factors, the balance of the equities and public interest, merge and weigh heavily in favor of granting temporary relief. "[T]he public has a strong interest in upholding procedural protections against unlawful detention, and the Ninth Circuit has recognized that the costs to the public of immigration detention are staggering." *Jorge M. F. v. Wilkinson*, No. 21-CV-01434, 2021 WL 783561, at *3 (N.D. Cal. Mar. 1, 2021) (cleaned up) (internal quotations omitted). Petitioner-Plaintiff faces significant harm absent relief, while the harm to Respondents is minimal. *See Domingo*, 2025 WL 1940179, at *4 ("[T]he comparative harm potentially imposed on Respondents-Defendants is minimal—a mere short delay in detaining Petitioner-Plaintiff, should the government ultimately show that detention is intended and warranted."). Respondents, at most, face a short delay in detaining Petitioner-Plaintiff and is not "harmed in any legally cognizable sense by being enjoined from constitutional violations." *Zepeda v. U.S. Immigr. & Nat. Serv.*, 753 F.2d 719, 727 (9th Cir. 1983).

4

### IV. CONCLUSION

For the foregoing reasons, the **GRANTS** Petitioner-Plaintiff's *Ex Parte* Motion for Temporary Restraining Order to preserve the status quo pending further briefing and a hearing on this matter.

Respondents are ORDERED to immediately release Petitioner-Plaintiff Rachana Duong from custody and ENJOINED AND RESTRAINED from re-detaining Petitioner-Plaintiff without notice and a pre-deprivation hearing before a neutral decisionmaker, and from removing him/her from the United States. This Order shall remain in effect until September 20, 2025 at 5 p.m.

The Petition, *Ex Parte* Motion for Temporary Restraining Order, and this Order SHALL be served on Respondents such that they receive actual notice as soon as practicable, and Petitioner-Plaintiff shall file proof of such service by no later than September 9, 2025 at 5 p.m. Respondents shall provide a status report confirming Petitioner-Plaintiff's release by September 10, 2025 at 9 a.m.

Respondents are ORDERED TO SHOW CAUSE in-person at a hearing in the courtroom of the assigned Judge, or as otherwise ordered by that Judge, on September 19, 2025 at 1:00 p.m. why a preliminary injunction should not issue. Respondents shall file a response to Petitioner-Plaintiff's motion by no later than September 12, 2025. Any reply should be filed by September 15, 2025

Petitioner-Plaintiff shall not be deported, removed, or otherwise transferred outside the United States until further Order of this Court.

IT IS SO ORDERED.

Dated: September 6, 2025 at 6:15 p.m.

TRINA L. THOMPSON
United States District Judge